UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LEAH WHITE, | Case No. 2:24-cv-00140-CDS-BNW |
| Plaintiff, | |
| v. | ORDER |
| LVNV FUNDING, LLC., | |
| Defendant. | |

Plaintiff is proceeding *pro se* under 28 U.S.C. § 1915 and has requested authority to proceed *in forma pauperis*. ECF No. 6. Plaintiff also submitted a complaint. ECF No. 1-1.

**I.    *In forma pauperis* application.**

Plaintiff has filed the application required by § 1915(a). ECF No. 1. Plaintiff has shown an inability to prepay fees and costs or to give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.    Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff alleges violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Truth in Lending Act, the Privacy Act, and the Freedom of Information Act against Defendants related to charges he

disputes on his credit reports. Plaintiff claims that he sent credit reporting agencies and debt holders debt validation letters, to which he alleges the companies responded inadequately.

### A. *Fair Debt Collection Practices Act*

Plaintiff alleges that Defendant LVNV Funding violated the Fair Debt Collection Practices Act (FDCPA) under 15 U.S.C. § 1692c. Specifically, she alleges LVNV is attempting to collect a debt from her and that on December 18, 2023, she wrote LVNV a letter disputing the debt (owed to Comenity Bank and Credit One Bank). She also alleges that in that same letter she explained that the only convenient way to contact her was via email. Yet, on December 26, 2023, Plaintiff alleges that LVNV sent her a letter by certified mail attempting to collect a debt. This, according to Plaintiff was inconvenient to her and violated 15 U.S.C. § 1692c(a)(1).

To state a claim for relief under the FDCPA, "a plaintiff must assert facts that, if proven, would show (1) that [he] has been the object of collection activity arising from consumer debt; (2) that the defendant is a debt collector, as defined under the FDCPA; and (3) that the defendant has engaged in a prohibited act or omission. *Wong v. Navient Solutions, LLC*, 2020 WL 978520, at *5 (W.D. Wash. Feb. 28, 2020). *See* also *Banks v. ACS Educ.*, 638 Fed. Appx. 587, 590 (9th Cir. 2016) (citing *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013)). A "debt collector" is defined as,

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.... [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6).

Plaintiff has met the first prong by alleging that she has been sent a letter attempting to collect a consumer debt. Assuming all the allegations contained in the complaint as true, as the Court must at this stage in the litigation, she also meets the second prong.[1] But Plaintiff has not shown how the debt collector has engaged in a prohibited act under 15 U.S.C. § 1692c(a)(1).

---

[1] The Court recognizes that the so-called "creditor exemption" of the FDCPA may be at play.

Under 15 U.S.C. § 1692c(a)(1), in the absence of the consumer's consent or express permission by a court, a debt collector may not communicate with a consumer in connection with the collection of any debt,

> at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

15 U.S.C. § 1692c(a)(1).

Here, Plaintiff simply alleges that it was not convenient to receive a letter and that she asked to be emailed. But the statue does not require that the debt collector comply with Plaintiff's preferences. Instead, it simply prohibits communications at unusual times or places which should be known to be inconvenient to the consumer. Plaintiff fails to allege any facts supporting the conclusion that her receipt of the letter constituted a communication "at [an] unusual time or place…which should be known to be inconvenient to the consumer."

The Court will dismiss the complaint without prejudice and with leave to amend. Plaintiff may chose to amend her complaint to allege facts that comply with this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED,

**IT IS FURTHER ORDERED** that the clerk of court must detach and file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1) is dismissed without prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file an amended complaint, she must do so by February 29, 2024. Failure to file an amended complaint in accordance with this order will result in a recommendation that this case be dismissed.

DATED: January 30, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE